**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| Janitta Shropshire, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| TRANSUNION, LLC, | ) **1:23CV01291 DII** |
| | ) |
| | ) Complaint and Demand for |
| Defendant. | ) Jury Trial |
| | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Janitta Shropshire ("Plaintiff"), alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendant Transunion, LLC. ("Transunion").

## I.   INTRODUCTION

1. Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by the Defendant. Plaintiff contends the Defendant failed to follow reasonable procedures to assure maximum possible accuracy and conduct a reasonable reinvestigation in the preparation of Plaintiff's consumer reports, and consequently reported inaccurate information about Plaintiff. "Consumer reports" under 15 U.S.C. § 1681a(d) includes both the credit file disclosures obtained directly by Plaintiff from the consumer reporting agencies and consumer reports obtained by third parties as a factor in establishing Plaintiff's eligibility for credit.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in the city of Austin, Travis County, Texas, and the conduct complained of occurred in Austin, Texas.

### III.   PARTIES

3. Plaintiff is a natural person residing in Round Rock, Williamson County, Texas.

4. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant Transunion is an Illinois corporation duly authorized and qualified to do business in the State of Texas.

### IV.   FACTS OF THE COMPLAINT

6. In July 2023, Plaintiff obtained a copy of her consumer report and discovered inaccurate and false information with the following trade lines, Amex, GS Bank USA, Capital one, PNC BANK, Kemba CR UN, Augroup, credit acceptance, go financial, DEPT ED AIDV, CONNS, Regional Finance, DPT ED/SLM, NTL Credit Mgmt, ASSET CARE LLC, MIDLAND CREDIT MANAGEMNET, JEFFERSON CAPITAL SYSTEM, P&B CAPITAL GROUP LLC, ABOSLUTE RESOLUTIONS IVN, HUNTER WARFIELD INC, PERPAY INC, APPLE CARD-GS BANK USA, REGIONAL FINANCE, CROSSRIVER/SEED, GO FINANCAL. INQUIRIES-Navy FCU, FALGSHIP CREDT, REGIONAL ACCEPTANCE, 700CR/COVERT CHRYSLERS DO, CREDITPLUS, CREDITONE BANK, FOURSIGHT, CAPITAL LLC, SYNCB/AMAZON.

7. In September 2023, Plaintiff contacted Transunion via the Consumer Financial Protection Bureau ("CFPB"), to dispute the accuracy of the trade lines. Upon information and belief, the Consumer Financial Protection Bureau ("CFPB"), then forwarded the dispute to Defendant. Plaintiff informed Defendant that the trade lines were inaccurate and should therefore be deleted from her consumer report.

8. Upon information and belief, Plaintiff was informed via the reinvestigation results that the account was verified and accurate in October 2023.

9. Despite Plaintiff's dispute to Transunion informing them of the inaccuracies, Defendant Transunion continued to report the tradelines through October 2023.

10. Defendant Transunion's publishing of such inaccurate information has severely damaged the personal and credit reputation of Plaintiff causing her FICO scores to be lowered resulting in her being denied credit or being granted credit with a much higher interest rate, and has caused severe humiliation, emotional distress, and mental anguish.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(1)(A
### (Defendant Transunion)

12. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above.

13. Defendant has violated 15 U.S.C. § 1681i(a)(1)(A) in that they failed to conduct a reasonable reinvestigation on the trade line items that is furnished to the Consumer Reporting Agencies.

14. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

15. Defendant's conduct was negligent and/or willful.

16. Plaintiff is entitled to actual damages, punitive damages, and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

17. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendant Transunion
### )

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-17 above.

19. Defendant Transunion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the trade line information when preparing a consumer report purportedly concerning Plaintiff.

20. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

21. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

22. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendant Transunion)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-22 above.

24. Defendant TransUnion has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

25. Defendant Transunion has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

26. Defendant Transunion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

27. Defendant Transunion has done so either negligently or willfully.

28. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

29. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### (Defendant Transunion)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-29 above.

31. Defendant Transunion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

32. Defendant Transunion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

33. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

34. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### (Defendant Transunion)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-34 above.

36. Defendant Transunion violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the tradelines on Plaintiff's consumer report, and (ii) failed to find them to be inaccurate.

37. Defendant Transunion violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

38. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

39. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

40. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendant Transunion)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1-40 above.

42. Defendant Transunion has violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

43. Defendant Transunion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

44. At all times alleged herein, Defendant Transunion acted negligently and/or willfully.

45. Defendant Transunion is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendant Transunion)

46. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-45 above.

47. Defendant Transunion has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

48. Defendant Transunion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

49. Defendant Transunion acted negligently and/or willfully.

50. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## XII.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

C. Costs and fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b).

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 19, 2023

By: /s/ Janita Shropshire
Janitta Shropshire
1101 N Mays St.
Round Rock TX, 78664
(512)415-9095
iamjanittalanae@gmail.com
*Pro se*